IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    vs.<br><br>DANNY REED,<br><br>                  Defendant. | 8:14CR285<br><br>ORDER |

      This matter is before the court on the defendant's, Danny Reed (Reed), Application for Franks Hearing and Request to File Brief After the Hearing (Filing Nos. 32 and 33). Reed filed a transcript (TR.) of the telephone application for the search warrant. **See** Filing No. 33-1. Reed is charged in the Indictment with possession with intent to distribute methamphetamine (Count I) in violation of 21 U.S.C. § 841(a)(1). **See** Filing No. 1 - Indictment. Reed argues a July 11, 2014, search warrant was based on the application of Red Willow County Sheriff's Office Lieutenant Joe Cutter (Lieutenant Cutter), wherein Lieutenant Cutter omitted facts critical to a probable cause determination. **See** Filing No. 34 - Brief. Reed asserts if the withheld information would have been included in Lieutenant Cutter's testimony, the issuing judge would not have issued the search warrant. *Id.*

      The transcript of Lieutenant Cutter's application for a search warrant provides:

      Shortly before midnight on July 10, 2014, Lieutenant Cutter applied, by telephone, for a search warrant for a garage. **See** Filing No. 33-1 - TR.[1] Lieutenant Cutter testified he conducted at least three months of surveillance of the garage, during which time he noted suspicious stop and go activity. *Id.* at 6-8. Lieutenant Cutter noted the garage was close to a liquor store which also had a lot of foot traffic but he could observe what traffic went to the garage and what traffic went to the store. *Id.* Lieutenant Cutter testified he made a traffic stop of a vehicle and discovered the driver of the vehicle, Candy Brennan (Brennan), had methamphetamine in her purse. *Id.* Lieutenant Cutter did not ask Brennan if she acquired the methamphetamine from the

---

[1] Lieutenant Cutter was sworn in over the telephone and questioned by a Red Willow County attorney, Paul Wood, and Red Willow County Judge, Anne Paine. **See** Filing No. 33-1.

garage that evening. *Id.* at 9. Brennan indicated an individual named Danny Reed was in the garage and had methamphetamine and methamphetamine paraphernalia. *Id.* at 6-9. Lieutenant Cutter testified Brennan was familiar with methamphetamine. *Id.* Lieutenant Cutter requested a no-knock warrant because Brennan stated there were numerous handguns and knives in the garage and Lieutenant Cutter knew one of the individuals in the garage was a felon and had methamphetamine charges. *Id.* at 10.

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court defined a limited exception to the presumptive validity of an affidavit supporting a search warrant. The Court held if the government intentionally includes material false statements in the application or affidavit or omits material statements with a reckless disregard for the truth that is the legal equivalent of intentional falsehood, a court reviewing a motion to suppress must "set aside those statements and then review the remaining portions of the affidavits to see if what remains [is] sufficient to establish probable cause" or include such omitted statements to determine whether there would be probable cause to issue the warrant. *United States v. Garcia*, 785 F.2d 214, 222 (8th Cir. 1986). As stated by the Eighth Circuit in *United States v. Falls*, 34 F.3d 674 (8th Cir. 1994):

> The defendant may challenge a facially sufficient affidavit by showing that the facts included in the affidavit are false or were made in reckless disregard of the truth, or that facts were omitted with the intent to mislead or in reckless disregard of whether it was misleading. The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the remaining contents of the affidavit are sufficient to establish probable cause. If the remaining contents are insufficient to establish probable cause, the warrant must be voided and the fruits of the search suppressed.

*Id.* at 681 (citations omitted); **see also** *United States v. Montes-Medina*, 570 F.3d 1052 (8th Cir. 2009); *United States v. Williams*, 477 F.3d 554 (8th Cir. 2007).

To succeed in a *Franks*-type challenge to the validity of a search warrant, a defendant bears the burden to establish by a preponderance of the evidence the affiant, either knowingly and intentionally or with reckless disregard of the truth, included a false statement within the warrant affidavit. *Franks*, 438 U.S. at 155-56; *United States v. Williams*, 981 F.2d 1003, 1005 (8th Cir. 1992). The same analysis applies to omissions

2

of fact. The defendant must show the facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading. **See** *United States v. Cone*, 534 F. App'x 567, 569 (8th Cir. 2013); *United States v. Humphreys*, 982 F.2d 254, 258 n.2 (8th Cir. 1992); *United States v. Reivich*, 793 F.2d 957, 960-61 (8th Cir. 1986). The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the affidavit's remaining contents are sufficient to establish probable cause. **See** *Franks*, 438 U.S. at 156.

In order to be entitled to a *Franks* hearing, the Eighth Circuit has held the defendant must satisfy two requirements: "First, the defendant must make a substantial preliminary showing of an intentional or reckless falsehood in the affidavit. The substantiality requirement is not lightly met. Allegations of negligence or innocent mistake are insufficient. Second, the allegedly false statements must be necessary to the finding of probable cause." *United States v. Schenk*, 983 F.2d 876, 879 (8th Cir. 1993) (internal citations omitted); **see also** *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013). If these requirements are not met, no *Franks* hearing is required. *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987); **see also** *United States v. Rucker*, 545 F. App'x 567, 571 (8th Cir. 2013).

Reed argues the following critical facts were omitted:

> A. The extent to which [Lieutenant] Cutter had seen foot traffic coming and going from the alley that he could be reasonably sure involved the place to be searched and not the liquor store.
> B. Whether Cutter ever asked [Candy] Brennan whether she had gotten the meth from the location to be searched.
> C. Where Candace Brennan got the methamphetamine that she was found with, from whom she got it, and when she got it.

**See** Filing No. 34 - Brief.

Reed has made no offer of proof the alleged omissions were intentionally or recklessly omitted. **See** *Cone*, 534 F. App'x at 569 ("When a defendant alleges that an affidavit submitted in support of a search warrant application omitted facts, he bears the burden to make a substantial preliminary showing that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading, and that the affidavit, if supplemented by the omitted information, could not support a finding

of probable cause.") (internal quotation marks omitted); **see also *United States v. Mathison***, 157 F.3d 541, 548 (8th Cir. 1998) ("A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing [under *Franks*]."). In fact, the issuing judge was made aware Lieutenant Cutter did not ask Brennan where she acquired the methamphetamine. **See** Filing No. 33-1 - TR. 9:3-4. Further, Lieutenant Cutter clarified he could observe and differentiate the foot traffic between the garage and the liquor store. *Id.* at 7:16 - 8:2; 8:18-23. Reed has not made a substantial preliminary showing Lieutenant Cutter intentionally or with reckless disregard omitted facts in his testimony for a search warrant. Reed's challenge does not proceed beyond an allegation Lieutenant Cutter was negligent or made an innocent mistake, which is insufficient to conduct a *Franks* hearing. Regardless, in addition to the information about the foot traffic and that Lieutenant Cutter did not ask where Brennan obtained the methamphetamine, the issuing judge learned Lieutenant Cutter conducted at least three months of surveillance of the garage, noted suspicious stop and go activity, and that Brennan, who was familiar with methamphetamine, had seen methamphetamine and associated paraphernalia in the garage. *Id.* at 6:14-15; 7:2-3, 6, 12, 16 - 8:8; 9:15-24. Accordingly,

**IT IS ORDERED:**

Reed's Application for Franks Hearing and Request to File Brief After the Hearing (Filing Nos. 32 and 33) is denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 5th day of November, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge