IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:14-CR-285 |
| vs. | |
| DANNY REED, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion for compassionate release (filing 133). The government has advised the Court that the motion is unopposed. Having considered the defendant's evidence, the Court will grant the motion.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] The Court notes that § 1B1.13 was premised on a previous version of § 3582(c)(1)(A), which permitted a sentence reduction *only* upon motion of the Director of the Bureau of Prisons. *See* § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). As will be explained, the Court finds that the criteria set forth in § 1B1.13 are satisfied here—so, the Court need not decide in this case whether § 1B1.13 remains "applicable" to the current

Pursuant to § 1B1.13, "extraordinary and compelling reasons" include the medical condition of the defendant, when:

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

*Id.*, cmt. n.1(A)(i). The uncontested evidence, discussed in more detail in the defendant's brief, meets that definition. *See* filing 133-1. Mr. Reed is due to be released in a little over a year, but is unlikely to live that long. *See* filing 133 at 9. The uncontested evidence also establishes that the defendant, due to his medical condition if nothing else, represents no danger to others. *See* filing 133 at 8-9. And the Court, having considered the factors set forth in § 3553(a), finds that reduction of the defendant's sentence is appropriate.[2] Accordingly,

---

version of the statute within the meaning of § 3582(c)(1)(A)(ii). *See United States v. Cantu,* No. 1:05-CR-458-1, 2019 WL 2498923, at *3-5 (S.D. Tex. June 17, 2019).

[2] Having not been asked to do otherwise, the Court has re-imposed a 5-year term of supervised release, imposed the current standard conditions of supervised release, and re-imposed the special conditions of supervised release from the previous judgment. *See* filing 112. If the defendant's condition requires modifying any of those conditions, the Court will consider doing so upon a motion from the defendant or a petition from the probation office.

IT IS ORDERED:

1.  The defendant's unopposed motion for compassionate release (filing 133) is granted.

2.  The defendant's sentence is reduced to time served.

3.  An amended judgment will be entered.

Dated this 20th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge